———————o———————

No. 4036.

(Court of Appeal, Parish of Orleans.)

HENRY AUSTIN ET ALS, ADOLFO DUGUE, ADMINIS-
TRATOR vs. GUSTAVE A. MATTLE.

In order that a natural child may recover from the succession of her mother, she must have been duly acknowledged by her and the manner of this acknowledgment must be as provided by the Civil Code, Articles 918 and 203.

Appeal from Civil District Court, Division C.

F. Rivers Richardson, for plaintiff and appellant.

Arthur J. Peters, for defendant and appellee.

ESTOPINAL, J. This is an action for slander of title or a jactitation suit and for damages in the sum of five hundred dollars.

The plaintiffs Henry Austin and Lavinia Johnson aver in their petition that during the existence of the community which obtained between Henry Austin and Louisa Austin, his wife, he acquired by purchase, May 27th, 1871, five certain lots of ground in square bounded by Mary, Cohen, Eighth and Jackson streets; that his said wife Louisa Austin died at their home about the year 1882, intestate, leaving as her sole and

only heir, Lavinia Johnson, one of the plaintiffs herein who is a natural child born to her in slavery times and duly acknowledged by her as such natural child. That from the date of the death of Louisa Austin the property in dispute belonged, one-half to Henry Austin and the other half to Lavinia Johnson, both whom, it is alleged, have resided together on the property as owners in absolute and undisturbed possession. Plaintiffs further aver that on the 27th of May, 1892, Henry Austin apparently sold the above described property to Gustave Mattle for an apparent sum of two hundred ($200.00) dollars, that the said sale was not *bona fide*, but was a simulation, no consideration having been paid, no delivery made, and that in fact there was no intention on the part of Henry Austin to sell the property to Mattle; that the transfer was obtained by Mattle by false and fraudulent representations and that plaintiff, who is illiterate, old and decrepit was imposed upon. That he was led to believe by Mattle that he was transfering only two lots of the five which he owned the consideration being that Mattle should feed and clothe plaintiff until his (plaintiff) death, and pay the taxes on the property as long as he, plaintiff lived.

The further averment is made that the transfer was a deception which said Mattle pretended to carry out by furnishing plaintiff with some groceries and old clothing but in a few months discontinued plaintiff either with groceries or clothing and did nothing more than pay the taxes on the property.

Before issue was joined, plaintiffs filed a supplemental petition in which they aver that only three lots passed to Mattle by the sale of May 27th, 1892, and that so far as the other two, the said Mattle by private document under private signature, executed contemporaneously with the act of May 27, 1892, bound himself to transfer the other two lots to the god-children of Austin after his death, that some years later, on January 22d, 1903, by an act before B. Rouen, Notary Public, it was agreed between Austin and Mattle to cancel and revoke the agreement made under private signature contemporaneously with the act before Charbonnet of May 27th, 1892, and that in consequence the said alleged transfer became an absolute nullity. Plaintiffs then recite that it has come to their knowledge since the filing of this suit, they having been ignorant of same before, that Henry Austin has apparently entered into a new

agreement in regard to the said property by which Henry Aus, tin, for a stipulated consideration said to have been paid him-declared the said Mattle to be the owner of the entire property in question. Plaintiffs' title is not at issue except so far as it may be destroyed by the establishment of a better title in defendant.

Defendant in his answer avers a better title in himself, assumes the burden and in consequence must depend for success on the strength of his own title and that not on the weakness of his adversaries. 11 A. 188, 11 A. 174, 32 A. 613, 33 A. 249.

Defendant sets up title to the entire five lots by virtue of an act passed before Rouen, N. P., January 22d, 1903, and avers that this latter act revoked in express terms the agreement of 1892 by which two lots were reserved and vested in him the unquestioned ownership of the five lots in controversy herein.

Defendant avers that Henry Austin was never married and that Lavinia Johnson, one of the plaintiffs, is not the natural child of said Louisa Austin and that if she be the natural child of said Louisa Austin, she has never been recognized as the law requires.

There was judgment below in favor of Louisa Johnson and against Gustave Mattle and in favor of Gustave Mattle and against Henry Austin.

We are not favored with written reasons by our esteemed brother of the District Court and our appreciation of these are merely conjectural. The acts performed by Henry Austin appear to have been voluntary and with full knowledge of their purport and meaning and the question of the validity and binding character of the notarial acts by which Austin conveyed his property to the defendant has been resolved by the district judge in favor of the latter.

The sale to defendant by Austin was *bona fide* and the fact that Austin was at all times in the hands of reputable notaries and members of the bar, dispels all idea that undue advantage was taken of him in any way.

The lower Court holds the sale good only as to one-half the property his share of the community, having doubtless found from the evidence both that Henry Austin and Anna Louisa Austin were married at the time of the acquisition of

the property by the former in 1871, and that Lavinia Johnson is the natural child of said Louisa Austin

Notwithstanding that Henry Austin *on two occasions* in legal authenticated acts specially declared that he had never been married, our examination of the testimony shows it to be sufficiently strong to establish the contrary. It is probable that Austin, who was anxious to sell, was shrewd enough to know that if he stated he had been married he would perhaps be unable to realize on his property.

The testimony of Austin and others in which they deal with names, persons, and public officials and periods or epochs, impress us with its truth.

The evidence also preponderatingly shows Lavinia Johnson to be the natural daughter of Louisa Austin. Our conclusions on these questions of fact are strengthened by those of the District Judge, but we believe our brother erred in predicating a judgment on these facts a'one in the face of the precise provisions of our Civil Code in reference to the requirements in the case of natural children. It must be shown here that not only is Lavinia Johnson the natural child of Louisa Austin but that she has been acknowledged by her mother as such.

There is some testimony in the record, that Louisa Austin "always said that the woman Lavinia was her daughter and treated her as a daughter," but this is not sufficient In order that a natural child may recover from the succession of her mother she must have been duly acknowledged by her and the mode and manner of this acknowledgement is set forth in the Civil Code under Articles 918 and 203.

Article 918 reads as follows : "Natural children are called to the succession of their natural mother when they have been duly acknowledged by her, if she has left no lawful children or descendants to the exclusion of her father and mother and other ascendants or collaterals or lawful kindred."

Article 203 C. C which must be read into Article 918 reads as follows: "The acknowledgment of an illegitimate child shall be made by a declaration executed before a Notary Public, in the presence of two witnesses by the father and mother or either of them, whenever it shall not have been made in the registering at the birth or baptism of such child."

"Natural children are called to the succession of their natural mother when they have been *duly acknowledged*" in our

opinion means when they have been acknowledged in the manner specifically indicated by the law.

There is no proof in the record that Lavinia Johnson was ever "duly (legally) acknowledged" by her natural mother and in consequence she can have no interest in the property left by her mother.

Louisa Austin having died intestate and leaving no heirs, Henry Austin her husband inherited from her. At the time of the transfer or sale to defendant Mattle, the title to the entire five lots of ground was in him. The sale was good and must stand.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is hereby amended by declaring the defendant Gustave A. Mattle to be the sole and absolute owner of the following described property to-wit Five lots of ground situated in the City of New Orleans and designated as lots Nos 18, 19, 20, 21, 22, in square No. 102 B bounded by Eagle or Mary, Cohn, Eighth and Jackson streets· and the judgment as thus amended is affirmed, costs of both Courts to be paid by the plaintiff herein.

November 19, 1906.

## ON REHEARING.

1.  Article 203 of the Civil Code requiring that the acknowledgement of an illegitimate child shall be made by a declaration before a notary public in the presence of witnesses, has reference to acknowledgments by the father, the law permitting the acknowledgment of an illegitimate child by the mother to be shown by any competent evidence.
1.  When the physician, midwife or other attendants at the accouchement are dead or cannot be found, maternal descent can be shown by the testimony of persons who saw the child shortly after its birth or when very young in the arms of its mother who then as well as later always acknowledged the child as being hers.

Former decree set aside and judgment affirmed.

ESTOPINAL, J. A rehearing was had in this case in so far as the question of identity of maternity and the subsequent acknowledgment of Lavinia Johnson plaintiff herein by her mother Louisa Austin.

152

Upon reconsidering this issue we have come to the conclusion that there is error in our former opinion which we shall now proceed to rectify.

Defendant claims to have acquired by purchase from Henry Austin the whole of the property in litigation.

The proof is that Austin was married to Louisa Austin and that the property was acquired during the marriage. The property then becomes that of the community and Henry Austin could therefore sell no more than his interest therein.

Lavinia Johnson claims to be the illegitimate but duly acknowledged child of Louisa Austin, beside claiming one-half the property as the heir of her mother, contests the right of defendant to any part of the property on the ground that there never was a valid conveyance of the property by Austin to Mattle. We erroneously held in our previous opinion that the acknowledgment of an illegitimate child must be made in conformity with the article of the Civil Code (203) which provides as follows:

"The acknowledgment of an illegitimate child shall be made by a declaration executed before a Notary Public in presence of two witnesses by the father and mother or either of them whenever it shall not have been made in the registering of the birth or baptism of such child."

Upon investigation however we find the law and jurisprudence to be that the article quoted above refers to acknowledgments by the father, but that the acknowledgment by the mother may be shown and established by any competent evidence 42 A. 842-30 A. 808. There is abundant proof in this record to prove :

1st. That Henry Austin was married to Louisa Austin.

2nd. That the property in dispute was acquired during the marriage and is, therefore community property.

3rd. That Austin did sell and transfer the property to Mattle.

4th. That Lavinia Johnson is the child of Louisa Austin and was duly acknowledged by said Louisa Austin as such.

Under this state of facts and the law governing herein, the defendant is entitled to the undivided one-half of the property, having acquiredsame from Henry Austin by purchase, and Lavinia Johnson is entitled to the other undivided one-half as heir of her mother Louisa Austin by whom she was duly acknowledged.

For these reasons it is now ordered and adjudged that our former decree be and it is hereby annulled and set aside, and it is now ordered that the judgment appealed from be and it is hereby affirmed.

Former decree set aside and judgment appealed from affirmed.

January 28, 1907.

Rehearing refused February 18, 1907.

Writ refused by Supreme Court April 4, 1907.